```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
ALBERT THEODORE ROBINSON,          :
                                   :
          Plaintiff,               :    Civ. No. 17-7135 (NLH)(JS)
                                   :
     v.                            :    OPINION
                                   :
STATE OF NEW JERSEY DRUG           :
COURT, DEPT. OF CORRECTIONS,       :
et al.,                            :
                                   :
          Defendants.              :
_____:
```

APPEARANCES:
Albert Theodore Robinson, No. 41659
Cumberland County Jail
54 W. Broad Street
Bridgeton, NJ 08302
     Plaintiff Pro Se

Ashley L. Costello, Esq.
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
     Counsel for Defendants

HILLMAN, District Judge

Plaintiff Albert Theodore Robinson filed a Complaint pursuant to 42 U.S.C. § 1983 against the State of New Jersey Drug Court, the New Jersey Department of Corrections, the Cumberland County Prosecutor's Office, and the Cumberland County Prosecutor Jennifer Webb McRae. ECF No. 1 at 7. In the Complaint, Plaintiff alleges that he was incarcerated beyond his "maximum expiration of sentence" because his jail time credits

were improperly recalculated and reduced while he was incarcerated. Id. at 8. Presently before the Court is Defendants' Motion to Dismiss the Complaint, which is ripe for adjudication. ECF No. 7-3. For the reasons that follow, the Court will grant the Motion and dismiss the Complaint, with leave to amend granted.

I.  Factual Background

Plaintiff Albert Theodore Robinson is presently incarcerated at the Cumberland County Jail in Bridgeton, New Jersey.[1] According to his Complaint, Plaintiff was sentenced to eight years' imprisonment, which consisted of "multiple concurrent and consecutive sentences running concurrent and consecutively with over 5 years of jail credits awarded to both sentences as agreed to in the plea agreement." ECF No. 1 at 7.

At some point after his sentencing, Plaintiff was transferred to South Woods State Prison "where according to his adjusted sentence based on 'jail credits' his maximum expiration of sentence was adjusted on or about June 1, 2012." ECF No. 1 at 8. Approximately one year after he arrived at South Woods State Prison in April 2012, "Plaintiff noticed on his inmate monthly account summary his maximum expiration of sentence was extended to the year of 2018 prompting investigation into the

---

[1] Plaintiff's current incarceration appears to be unrelated to the incarceration he challenges in his Complaint.

2

application of his 'jail credits' awarded and earned as an 'entitlement to time served.'" Id. To investigate this discrepancy, Plaintiff filed a request with the Administrative Director of the Classifications Department for the Commissioner of the State of New Jersey. Id. at 8.

Plaintiff received a certified response from the Classifications office informing him that the sentencing judge had removed jail credits as the Department of Corrections had suggested that they were duplicative credits. Id. at 9. Plaintiff asserts that this action excessively and unlawfully extended his sentence, id., and was done without notice to him or an opportunity to be heard. Plaintiff requested but failed to receive any relief through his sentencing court, and appealed to the New Jersey Superior Court's Appellate Division, "where a judgment was granted to correct sentence in favor of Plaintiff . . . to apply all jail credits in accordance to jail time served." Id. at 10. Despite this order, the sentencing court apparently only applied a "partial" amount of the jail credits, "promoting a second appeal to the New Jersey Appellate Courts." Id. at 11. According to the Plaintiff, "after 2 yrs of unjust adjudication attorney for the Cumberland County Public Defenders Miss Vanessa Williams successfully had this drug court correct the appellate ordered judgments of conviction" and Plaintiff was finally released from prison two years after his original

3

release date of June 1, 2012. Id. at 11-12. Plaintiff was released on December 15, 2014. Id. at 12.

II. Standard of Review

In a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the defendant bears the burden of showing that no claim has been presented. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations. See Erickson v. Pardus, 551 U.S. 89, 94 (per curiam). The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail. See Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a

4

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim for relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). A "claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The complaint that shows that the pleader is entitled to relief--or put another way, facially plausible--will survive a Rule 12(b)(6) motion. See Fed. R. Civ. P. 8(a)(2); Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010).

III. Discussion

    A. Voluntary Dismissal of the Cumberland County Prosecutor and the Prosecutor's Officer

In Plaintiff's Opposition to the Motion, ECF No. 14, Plaintiff states that he wishes to voluntarily withdraw the claims against the Cumberland County Prosecutor's Office and the Cumberland County Prosecutor Jennifer Webb McRae. Id. at 26-27. Plaintiff states in his brief that he did not intend for the Prosecutor's Office and Prosecutor McRae to be named as defendants in the Complaint, although they are mentioned in it. In their reply brief, Defendants agree to the dismissal of the Cumberland County Prosecutor's Office and Prosecutor McRae. See ECF No. 15 at 3. As such, both will be dismissed from this action.

    B. Failure to State a Claim as to Defendants the State of New Jersey and the New Jersey Department of Corrections

Section 1983 provides "private citizens with a means to redress violations of federal law committed by state

6

individuals." Woodyard v. Cty. of Essex, 514 F. App'x 177, 180 (3d Cir. 2013). In order to state a claim for relief under § 1983, a plaintiff must show two elements: (1) that a person deprived the plaintiff of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was done by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). States and state agencies, however, are not "persons" subject to suit under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). See also Goode v. N.J. Dep't of Corr., No. 11-cv-6960, 2015 WL 1924409, at *10 (D.N.J. April 28, 2015) ("Neither states, nor their departments and agencies . . . are 'persons' within the meaning of Section 1983.").

Both remaining Defendants the State of New Jersey Drug Court and the New Jersey Department of Corrections are not "persons" under § 1983. See, e.g., Pettaway v. SCI Albion, 487 F. App'x 766, 768 (3d Cir. 2012) (holding that a state department of corrections is not a "person" under the statute and cannot be sued under § 1983); Callahan v. City of Phila., 207 F.3d 668, 673 (3d Cir. 2000) (noting that courts have routinely held that state judiciary is not a "person" under § 1983). Because Plaintiff cannot establish the "person" requirement to proceed under § 1983, Plaintiff's claims against

the State of New Jersey Drug Court and the Department of Corrections fail as a matter of law.

Generally, "plaintiffs who file complaints subject to dismissal . . . should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The Court will grant leave to amend in order to allow Plaintiff an opportunity to amend his Complaint in conformance with this Opinion.

IV. Conclusion

The Court will grant Defendants' Motion to Dismiss, with leave to amend granted. An appropriate order follows.


Dated: July 17, 2018                    s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.