UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

_____
                                    :
ALBERT THEODORE ROBINSON,            :
                                    :
         Plaintiff,                  :     Civ. No. 17-7135 (NLH)(JS)
                                    :
    v.                              :     OPINION
                                    :
STATE OF NEW JERSEY DRUG            :
COURT, DEPT. OF CORRECTIONS,        :
et al.,                             :
                                    :
         Defendants.                 :
_____:

APPEARANCES:

Albert Theodore Robinson, No. 41659
Hansen House
411 Aloe Street
Galloway, NJ 08215

    Plaintiff Pro Se

Ashley L. Costello, Esq.
Office of the Attorney General
25 Market Street
Trenton, NJ 08625

    Counsel for Defendants


HILLMAN, District Judge

    Plaintiff Albert Theodore Robinson filed a Complaint

pursuant to 42 U.S.C. § 1983 against the State of New Jersey

Drug Court, the New Jersey Department of Corrections, the

Cumberland County Prosecutor's Office, and the Cumberland County

Prosecutor Jennifer Webb McRae.  ECF No. 1 at 7.  Plaintiff

moved to voluntarily dismiss the claims against the Cumberland

                                1

County Prosecutor and the Prosecutor's Office, and the Court granted a motion to dismiss as to the remaining defendants because they were not amenable to suit under § 1983. Plaintiff has since filed an Amended Complaint, which he brings against the Cumberland County Prosecutor's Office, the Cumberland County Prosecutor Jennifer Webb McRae, and assistant prosecutor Walter Schulz. ECF No. 18.

Presently before the Court is Defendants' Motion to Dismiss the Amended Complaint, which is ripe for adjudication. ECF No. 21. Plaintiff has filed no opposition to the Motion. For the reasons that follow, the Court will grant the Motion and dismiss the Amended Complaint, with leave to amend granted.

## I. Factual Background

Plaintiff Albert Theodore Robinson is presently housed in a treatment program at Hansen House, in Galloway, New Jersey, and was previously incarcerated at the Cumberland County Jail in Bridgeton, New Jersey.[1] According to the Amended Complaint, as a result of certain state criminal charges, Plaintiff entered into an agreement with Defendants Prosecutor Jennifer Webb McRae, Walter Schulz, and the Cumberland County Prosecutor's Office for a negotiated term of imprisonment, including an eight-year

---

[1] Plaintiff's current detention in a treatment program appears to be unrelated to the incarceration he challenges in his Complaint.

aggregated term comprised of 2 four-year consecutive sentences with an additional three-year flat concurrent sentence for a total eight-year sentence, and a jail credit agreement of 1,095 days, 25 gap credits, both of which are to be subtracted from the four year sentences.  ECF No. 18 at 1; 33-35; 42.  Plaintiff's maximum expiration of sentence including projected work and good time credits was on or about June 1, 2012.  Id.

About a year after Plaintiff arrived at South Woods State Prison in April 2012, Plaintiff noticed on his account statement that his maximum expiration of sentence was extended to 2018, which prompted him to investigate the application of his jail credits with the classifications department for the commissioner of the State of New Jersey.  Id. at 2.  He received a certified response from that office informing him that the sentencing judge had removed jail credits as the Department of Corrections suggested that they were duplicate credits.  Id.

Plaintiff then filed an appeal to the New Jersey Superior Court's Appellate Division for "the unlawful conspired removal of jail credit which extended his sentence from 2012 to 2018."  Id. at 3.  It appears this appeal was filed in 2012 and oral argument in the appeal was held on February 5, 2013.  See id. at 42.  The Appellate Division remanded for reconsideration of the jail credits and the concurrent application of the three-year sentence for Indictment No. 11-07-622.  Id. at 3; 42 (remand

3

order filed Feb. 8, 2013). Plaintiff alleges that on remand, the Defendants held a hearing without the notice or presence of Plaintiff, which caused him undue stress because they only applied "a partial of what the order commanded." Id. at 3.

As a result of receiving only partial relief, he filed a second appeal to the Appellate Division some time in 2013. Id. at 4. During the pendency of the appeal, it appears that Plaintiff's counsel negotiated with the attorney representing the New Jersey Attorney General's Office to agree to a remand for reconsideration and application of all jail credits for all indictments, which is reflected in the transcript of the appeal proceedings and the remand order, dated July 28, 2014. See id. at 45-50. After the second remand, Plaintiff's jail credits were recalculated and correctly applied as intended in the plea agreement. With all credits applied to his sentence, he was released on December 15, 2014. Id. at 4.

As for his claims for relief, Plaintiff alleges that the "Defendants deprived the Plaintiff of his constitutional rights while acting under color of state law," because the Plaintiff and Defendants had a verbal and written agreement that Defendants unlawfully withdrew, which caused Plaintiff harm. Id. Plaintiff requests monetary relief and explains that as a result of the Defendants' actions, he suffered cruel and unusual punishment in violation of the Eighth Amendment, that he was

4

wrongfully incarcerated in violation of his Fifth and Fourteenth Amendment rights, and that he was falsely imprisoned and prosecuted maliciously.  Id. at 5.

## II.  **Standard of Review**

In a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the defendant bears the burden of showing that no claim has been presented.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations.  See Erickson v. Pardus, 551 U.S. 89, 94 (per curiam).  The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail.  See Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

wrongfully incarcerated in violation of his Fifth and Fourteenth Amendment rights, and that he was falsely imprisoned and prosecuted maliciously.  Id. at 5.

## II.  **Standard of Review**

In a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the defendant bears the burden of showing that no claim has been presented.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations.  See Erickson v. Pardus, 551 U.S. 89, 94 (per curiam).  The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail.  See Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim for relief that is

6

plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  The complaint that shows that the pleader is entitled to relief--or put another way, facially plausible--will survive a Rule 12(b)(6) motion. See Fed. R. Civ. P. 8(a)(2); Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010).

**III. Discussion**

    **A.   The Immunity of the Cumberland County Prosecutor's Office**

The Cumberland County Prosecutor's Office must be dismissed because it is immune from suit.  The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  "'That a State may not be sued without its consent is a fundamental rule of jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of this court that the entire judicial power granted by the Constitution does not embrace authority to entertain a

suit brought by private parties against a State without consent given.'" Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (quoting Ex parte State of New York No. 1, 256 U.S. 490, 497 (1921)). The Supreme Court in Hans v. Louisiana, 134 U.S. 1 (1890), "extended the Eleventh Amendment's reach to suits by in-state plaintiffs, thereby barring all private suits against non-consenting States in federal court." Lombardo v. Pa. Dep't of Pub. Welfare, 540 F.3d 190, 194 (3d Cir. 2008). "The State of New Jersey has not waived its sovereign immunity with respect to § 1983 claims in federal court." Mierzwa v. United States, 282 F. App'x 973, 976 (3d Cir. 2008) (citing Ritchie v. Cahall, 386 F. Supp. 1207, 1209-10 (D.N.J. 1974)).

The Eleventh Amendment protects state agencies when "'the state is the real party in interest.'" Beightler v. Office of Essex County Prosecutor, 342 F. App'x 829, 832 (3d Cir. 2009) (quoting Fitchik v. New Jersey Transit Rail Operations, 873 F.2d 655, 658 (3d Cir. 1989) (en banc). Courts consider three factors to determine whether Eleventh Amendment immunity applies to a state agency: "(1) the source of the agency's funding-- i.e., whether payment of any judgment would come from the state's treasury; (2) the status of the agency under state law; and (3) the degree of autonomy from state regulation." Id. (quoting Fitchik, 873 F.2d at 659). When evaluating whether immunity applies, "it is the entity's potential legal liability,

8

rather than its ability or inability to require a third party to reimburse it, or to discharge the liability in the first instance, that is relevant" to the Eleventh Amendment inquiry. Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 431 (1997).

Courts considering these three factors have found that in New Jersey, the office of the county prosecutor is immune under the Eleventh Amendment. See, e.g., Beightler v. Office of Essex County Prosecutor, 342 F. App'x at 832; Briggs v. Moore, 251 F. App'x 77, 79 (3d Cir. 2007); Sabatino v. Union Twp., 2012 WL 313986 (D.N.J. Jan. 31, 2012); Palmerini v. Burgos, No. 10-cv-210, 2011 WL 3625104 at * 8 (D.N.J. Aug. 15, 2011) ("[C]ourts within the Third Circuit have consistently and uniformly held that the Eleventh Amendment precludes federal suits against New Jersey county prosecutors, as well as their offices and staff, arising out of their law enforcement functions on the basis that the real party in interest in these suits is the State of new Jersey"); Watkins v. Attorney General of New Jersey, No. 06-cv-1391, 2006 WL 2864631, at * 3 (D.N.J. Oct. 4, 2006) ("[A county prosecutor's office] is not subject to suit under § 1983 because the Prosecutor's Office is not a government entity which can be sued under § 1983 separate from the individual who is the county prosecutor or the governmental entity that the county prosecutor serves").

This Court agrees that the State of New Jersey is the real party in interest when the Cumberland County Prosecutor's Office is sued under § 1983 in the Amended Complaint. Therefore, the Court will dismiss with prejudice the Cumberland County Prosecutor's Office from this action because it is immune under the Eleventh Amendment from Plaintiff's claims for damages.

**B.  Failure to State a Claim Against Defendants McRae and Schulz**

Plaintiff has brought his constitutional claims against Defendants Prosecutor McRae and Assistant Prosecutor Schulz pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has

alleged a deprivation of a constitutional right at all.'" Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)).

"A defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'" Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007). See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Further, supervisory liability cannot be imposed under § 1983 by respondeat superior. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976); Durmer v. O'Carroll, 991 F.2d 64, 69 n.14 (3d Cir. 1993). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Iqbal, 556 U.S. at 677. A plaintiff must show that an official's conduct caused the deprivation of a federally protected right. See Kentucky v. Graham, 473 U.S. 159, 166 (1985); Gittlemacker v. Prasse, 428 F.2d 1, 3 (3d Cir. 1970) (A plaintiff "must portray specific conduct by state officials which violates some constitutional right.").

Here, Plaintiff alleges that he was detained past his term of imprisonment. An inmate's detention after his term of

imprisonment can, under certain circumstances, constitute cruel and unusual punishment in violation of the Eighth Amendment. Wharton v. Danberg, 854 F.3d 234, 241 (3d Cir. 2017); Montanez v. Thompson, 603 F.3d 243, 250 (3d Cir. 2010). Continued incarceration beyond the sentencing term is punitive and serves no penological justification. See Wharton, 854 F.3d at 241; Sample v. Diecks, 885 F.2d 1099, 1108 (3d Cir. 1989). To state an over-detention claim, a plaintiff must allege that "(1) a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted; (2) the official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight; and (3) a causal connection between the official's response to the problem and the unjustified detention."[2] Montanez, 603 F.3d at 252.

---

[2] To the extent that Plaintiff alleges a due process claim under the Fourteenth Amendment, the Court finds that such a claim is subsumed within the Eighth Amendment claim under the "more-specific-provision rule." See, e.g., Wharton, 854 F.3d at 246. "That rule holds that 'if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" Id. (quoting United States v. Lanier, 520 U.S. 259, 272 n.7 (1997)). Because the Court of Appeals for the Third Circuit analyzes over-detention claims under the Eighth Amendment, Plaintiff cannot bring a parallel claim under the Fourteenth Amendment's guarantee of due process. See Wharton, 854 F.3d at 246.

In such cases, rather than the judges or prosecutors involved in the matter who typically have absolute or partial immunity for such claims, the usual defendants are individuals employed by the state corrections department or the prison that caused or failed to correct the over-detention they knew of or had reason to know of.  See, e.g., Upshaw v. Michigan Dep't of Corrs., No. 12-cv-1300, 2016 WL 6518263 (W.D. Mich. Nov. 3, 2016) (denying summary judgment in over-detention case brought against various individuals employed by the Michigan Department of Corrections and the state prison at which the plaintiff was housed).  The Court has not found a case in which a prosecutor has been found liable for over-detention although such a claim may be possible if there were sufficient allegations against the prosecutor to support the elements of the cause of action outlined in Montanez, thus stating a claim for relief.  Although there may be other elements, at a minimum to state such a claim against a prosecutor, the prosecutor must have personal knowledge of the over-detention and have the legal ability to remedy it.

The only case the Court could find involving such a posture, Dommer v. Crawford, 653 F.2d 289 (7th Cir. 1981), concluded that the plaintiff, a pre-trial detainee, failed to state a claim for over-detention against the prosecutor as the prosecutor had no involvement in the alleged over-detention and

had no statutory authority over the plaintiff's detention.  <u>Id.</u> at 291 ("since [prosecutor] in his capacity as a prosecutor has no authority under Indiana law to order city police to detain arrestees past the statutory time limits, the complaint fails to state a cause of action against him.").  Plaintiff's factual allegations here similarly fail to state a claim, and the Court must dismiss without prejudice Defendants McRae and Schultz for failure to allege personal involvement.

Here, Plaintiff alleges in the Amended Complaint that his sentence was wrongly recalculated because the Department of Corrections suggested to his sentencing judge that he had duplicate credits, which were subsequently removed by the sentencing judge.  Plaintiff makes no allegation as to how either Defendant McRae or Defendant Schultz were involved in the alleged over-detention action at all, and his allegations suggest that they had no involvement beyond his original sentencing.

The exhibits that Plaintiff attaches to his Amended Complaint support this conclusion, as does Plaintiff's prior request to withdraw any claim against the prosecutorial defendants in his original Complaint because he did not intend to name them as parties.  <u>See</u> ECF No. 14 at 26-27.  Plaintiff very clearly states that it was the Department of Corrections who suggested to the sentencing judge that the jail credits may

be duplicates, and it was the sentencing judge who removed the application of certain jail credits. It is not clear to the Court why Plaintiff sought to reinstate the prosecutorial defendants in his Amended Complaint after he agreed to voluntarily dismiss them. In light of the Court's prior order and opinion dismissing the claims against the New Jersey Department of Corrections and the New Jersey Drug Court because such state agencies cannot be sued under § 1983, it may be that Plaintiff is unclear as to the proper individual defendants in his suit.

Generally, "plaintiffs who file complaints subject to dismissal . . . should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The Court will grant leave to amend in order to allow Plaintiff an opportunity to amend his Complaint in conformance with this Opinion. In any amended complaint, Plaintiff should include factual allegations to support the elements of an over-detention claim as described by the Third Circuit in Montanez, see supra.

### IV. Conclusion

As set forth above, it appears that Plaintiff discovered the change in his release date in April 2012. He alleges he acted diligently in an effort to seek a correction, exhausting his administrative remedies and then filing not one, but two

15

appeals.  It also appears that he was correct that an error occurred as his appeals were wholly or partially successful in that he was released in 2014 long before the adjusted release date of 2018.

What is not clear is whether the final determination of the appeals and administrative process was that he should have been released as he originally contended in June 2012 (in which case an over-detention occurred) or whether his December 2014 release represented his actual properly calculated release date (in which case no over-detention occurred).

What is also not clear, if the former occurred, is whether that over-detention was the result an unfortunate delay in the judicial and administrative process (in which case there may be harm but no remedy) or whether some individual, not immune from suit and personally involved, caused some or all of the over-detention in violation of the standard set forth in Montanez.

What is clear, as set forth above and in the Court's previously ruling, is that Plaintiff to date has failed to identify such an individual or individuals as party defendants. However, in light of the important constitutional right at issue and the inherent harm in any over-detention at all, Plaintiff should be given another opportunity to do so.

Accordingly, the Court will grant Defendants' Motion to Dismiss, with leave to amend granted.  An appropriate order follows.


Dated: May 6, 2019                    s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.